IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 18 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **PUBLIC WAREHOUSING COMPANY K.S.C.,**<br>  Sulaibiya Main Building<br>  Beside Land Customs Clearing Area<br>  State of Kuwait<br><br>v.<br><br>**DEFENSE SUPPLY CENTER PHILADELPHIA**<br>  700 Robbins Avenue<br>  Philadelphia, PA 19111-5092,<br><br>**DEFENSE LOGISTICS AGENCY**<br>  8725 John J. Kingman Road<br>  Suite 1644<br>  Fort Belvoir, VA 22060-6221, **and**<br><br>**DEPARTMENT OF DEFENSE**<br>  1600 Defense Pentagon<br>  Washington, DC 20301-1600. | §§§§§§§§§§§§§§§§§§§§§§ CIVIL ACTION NO. _____<br><br>Case: 1:08-cv-00464<br>Assigned To : Bates, John D.<br>Assign. Date : 3/18/2008<br>Description: FOIA/Privacy Act |

## COMPLAINT FOR INJUNCTIVE RELIEF

For its Complaint against Defense Supply Center Philadelphia ("DSCP"), the Defense Logistics Agency ("DLA"), and the United States Department of Defense ("DoD") (collectively, "Defendants"), Public Warehousing Company K.S.C. ("PWC" or "Plaintiff") alleges as follows:

<u>NATURE OF THE ACTION</u>

1.  This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive relief and other appropriate relief, and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendants.

1

## PARTIES

2. PWC is a Kuwaiti corporation with U.S. subsidiaries. Its principal place of business is in Sulaibiya, Kuwait.

3. DSCP is a field activity of DLA, which is a division of DoD. DSCP is primarily responsible for purchasing subsistence, textile products and medical items for DoD. DSCP contracted with PWC as a Subsistence Prime Vendor.

## JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

5. This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## PLAINTIFF'S FOIA REQUEST AND DEFENDANTS' IMPROPER DENIAL

7. By e-mail dated July 10, 2007, Plaintiff submitted to DSCP a Freedom of Information Act ("FOIA") request for a "[v]ideo recording of [the] oral presentation provided or produced to DSCP by Public Warehousing Company K.S.C. on or about October 8, 2002 in response to Solicitation SPO300-02-R-4003."

8. The oral presentation referred to in the request was part of PWC's proposal for contract work in response to the referenced solicitation. DSCP awarded the contract, numbered SPO300-03-D-3061, to Plaintiff on May 28, 2003. The contract, which later became known as "Prime Vendor 1," was for food and non-food distribution to DSCP's military customers in the Middle East. DSCP subsequently awarded two additional Prime Vendor contracts to PWC. Performance is ongoing under the most recent contract, numbered SPM300-05-D-3128 and known as "Prime Vendor 2."

9. By e-mail dated July 25, 2007, DSCP issued an initial determination denying

Plaintiff's request. Plaintiff expected a final decision to follow.

10. When it appeared that a final decision would not be forthcoming, Plaintiff filed an appeal with DLA, dated November 14, 2007.

11. By letter dated November 30, 2007, DSCP issued a final decision in response to Plaintiff's request. DSCP claimed that the videotape was exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A), or "Exemption 7(A)."

12. Exemption 7(A) applies to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

13. Other than quoting the language of the exemption, the letter provided no additional rationale for DSCP's decision.

14. In an effort to fully exhaust its administrative remedies, Plaintiff filed another appeal with DLA in a letter dated January 11, 2008. In the letter, Plaintiff specifically referenced DSCP's November 30, 2007 final decision.

15. By letter dated February 15, 2008, DLA denied Plaintiff's appeals of November 14, 2007 and January 11, 2008. Like DSCP, DLA found that the videotapes were exempt from disclosure pursuant to Exemption 7(A). DLA stated that the Department of Justice had asked DSCP to withhold the videotapes because they "are part of an ongoing investigation," and because the videotapes "could be used against witnesses and the government overall before the investigations have been completed."

16. Exemption 7(A) is inapplicable to the requested videotapes. While it is true that the Department of Justice is presently conducting an investigation involving PWC, the requested

records do not include any information about witnesses, evidence, strategy, or the direction of the investigation. The information on the tapes was provided by Plaintiff as part of a contract proposal more than five years ago. As such, it is impossible to comprehend how the release of such records could interfere in any way with potential proceedings.

17. Because release of the requested records could not "reasonably be expected to interfere with enforcement proceedings," the records are not exempt from mandatory disclosure under Exemption 7(A).

18. To date, Defendants have not provided the records requested by Plaintiff in its FOIA request.

19. Defendants have wrongfully withheld the requested records from Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. order Defendants to disclose the requested records in their entirety and make copies available to Plaintiff;

B. provide for expeditious proceedings in this action;

C. award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

D. grant such other relief as the Court may deem just and proper.

DATED: March 17, 2008

Respectfully submitted,

Michael R. Charness
D.C. Bar No. 289322
VINSON & ELKINS, L.L.P.
The Willard Office Building
1455 Pennsylvania Ave., Suite 600
Washington, D.C. 20004
Telephone: (202) 639-6780
Facsimile: (202) 639-6640

ATTORNEY FOR PUBLIC WAREHOUSING
COMPANY K.S.C.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Public Warehousing Company K.S.C.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 99999
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Michael R. Charness
Vinson & Elkins LLP
1455 Pennsylvania Ave. NW, Suite 600
Washington, DC 20004
202-639-6780

**DEFENDANTS**

Defense Supply Center Philadelphia,
Defense Logistics Agency, and
Department of Defense

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:08-cv-00464
Assigned To : Bates, John D.
Assign. Date : 3/18/2008
Description: FOIA/Privacy Act

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 3 Federal Question (U.S. Government Not a Party)
- ⊗ 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**A. Antitrust**
- [ ] 410 Antitrust

**B. Personal Injury/Malpractice**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

**C. Administrative Agency Review**
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

**D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**E. General Civil (Other)** OR **F. Pro Se General Civil**

Real Property
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

Personal Property
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

Bankruptcy
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

Prisoner Petitions
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

Property Rights
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

Federal Tax Suits
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

Other Statutes
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. § 552; Plaintiff seeks injunctive relief and the disclosure and release of agency records improperly withheld by Defendants under FOIA.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  March 17, 2008   SIGNATURE OF ATTORNEY OF RECORD  _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.